UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMON DIAZ,<br><br>    Petitioner,<br><br>    v.<br><br>S. SAMALOSON,<br><br>    Respondent. | Case No. 2:24-cv-2915-JDP (P)<br><br>ORDER |

On May 2, 2025, respondent filed a motion to dismiss. ECF No. 4. To date, petitioner has not filed an opposition or statement of non-opposition.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. The court may dismiss a case for petitioner's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Petitioner will be given an opportunity to explain why the court should not dismiss his case for failure to file an opposition or statement of non-opposition to respondent's motion to

1

dismiss. Petitioner's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to prosecute. Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-one days, an opposition or statement of non-opposition.

IT IS SO ORDERED.

Dated:    June 11, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE